JUDGE RAKOFF

12 CIV 4983

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
PHIL VEGA,

                        Plaintiff,                                **COMPLAINT**

    -against-

ROSELAND DEVELOPMENT ASSOCIATES, LLC.,          **JURY TRIAL DEMANDED**
THE CITY OF NEW YORK, POLICE OFFICER JOHN
SOUTH, Tax No.: 934200, and POLICE
OFFICERS "JOHN DOE # 1 - #3,"

                        Defendants.
----------------------------------------------------------------------X

       Plaintiff, **PHIL VEGA**, by and through his attorneys, **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

    1.    This is a civil rights action in which the plaintiff, PHIL VEGA, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

    2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights

    3.    Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

    4.    The plaintiff respectfully requests that this Court exercise supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff has filed a Notice of Claim with the Comptroller of the City of New York on or about November 29, 2011 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7. That Plaintiff, pursuant to General Municipal Law 50(h) was produced for a statutory hearing on May 15, 2012, this action is commenced within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

9. Plaintiff PHIL VEGA (MR. VEGA) is 26 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of the Kings.

10. Defendant ROSELAND DEVELOPMENT ASSOCIATES, LLC., (hereinafter "ROSELAND") was and is a domestic limited liability company organized and existing under and by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned, defendant "ROSELAND" owned, operated, managed, maintained, controlled and supervised the premises known as ROSELAND

BALLROOM located at 239 West 52nd Street, in the County, City and State of New York.

13. Defendant THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

14. Defendants POLICE OFFICER JOHN SOUTH, Tax No.: 934200, and POLICE OFFICERS "JOHN DOE # 1 - #3" (hereinafter, "POLICE OFFICERS"), are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendants "POLICE OFFICERS" are and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK. Defendants "POLICE OFFICERS" were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants "POLICE OFFICERS" are sued individually.

**STATEMENT OF FACTS**

15. On or about November 11, 2011 at approximately 8:30 pm, in the County, City and State of New York, plaintiff was lawfully attending a concert on the premises of defendant "ROSELAND" known as the ROSELAND BALLROOM when an altercation between unknown persons arose near the area where the plaintiff was located. Suddenly, and without warning, the plaintiff was grabbed by the neck and choked by the security personnel of defendant "ROSELAND"

and subsequently ejected from the concert.

16. Upon information and belief, said security personnel of the defendant "ROSELAND" informed the New York City Police Department that the plaintiff needed to be further removed from the area.

17. While the plaintiff spoke to security personnel of defendant "ROSELAND" in order to determine why he had been ejected from the concert, he was grabbed from behind by one of the defendants "POLICE OFFICERS."

18. The plaintiff immediately attempted to calmly explain to defendant "POLICE OFFICERS" what had previously transpired, and that he had not been involved in any physical altercation on the premises of defendant "ROSELAND," with the exception of being grabbed and choked by security personnel of defendant "ROSELAND."

19. Not given a opportunity to fully explain the circumstances, the plaintiff was immediately thrown to the ground by one of the defendants "POLICE OFFICERS" and subsequently beaten, assaulted and battered by all four (4) of the defendant "POLICE OFFICERS."

20. As a result of the unnecessary and unlawful abuse inflicted by defendant "POLICE OFFICERS" the plaintiff was caused to lose consciousness several times during the course of the beating and awoke bloodied and in handcuffs.

21. An EMT arrived on the scene and while the plaintiff was being examined, he lost consciousness again. MR. VEGA was taken to Bellevue Hospital by ambulance during which time he remained handcuffed and accompanied by two (2) of the defendant "POLICE OFFICERS."

22. Once MR. VEGA was released from Bellevue Hospital, he was taken by two (2) of the defendant "POLICE OFFICERS" to 18th Precinct located at 306 West 54th Street, in the County, City and State of New York, where he was held for approximately three (3) hours, and otherwise ignored and denied any explanation for such unlawful detention.

23. Notwithstanding the absence of any probable cause for the arrest, plaintiff was brought to Central Bookings in Manhattan where he was forced to remain overnight without any

reason or explanation. After over sixteen (16) hours in central booking and almost twenty (20) hours of being detained without probable cause following his release from Bellevue Hospital, the plaintiff was finally released on his own recognizance.

24. It should be noted that on April 18, 2012, the plaintiff's case was dismissed as the District Attorney's office could not offer any proof that the Mr. Vega was the initial aggressor in this matter, or that he used unnecessary force against the arresting officers.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF PHIL VEGA

25. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

26. At all times hereinafter mentioned, it was the duty of Defendant "ROSELAND," its servants, agents, employees, licensees and/or independent contractors to select and screen for hiring and retention those persons who were suitable, adequate, competent, or sufficiently trained personnel to work as security/bouncers, at the aforesaid premises.

27. At all times hereinafter mentioned, it was the duty of the Defendant "ROSELAND," to properly train, discipline and supervise its servants, agents, employees, licensees and/or independent contractors.

28. At all times hereinafter mentioned, it was the duty of the Defendant "ROSELAND," to promulgate and put into effect appropriate rules applicable to the duties, activities and behavior of its servants, agents, employees, licensees and/or independent contractors.

29. At all times hereinafter mentioned, the Defendant, "ROSELAND" was negligent and careless in the hiring, training and retention of their servants, agents, employees, licensees and/or independent contractors.

30. At all times hereinafter mentioned, the Defendant, "ROSELAND" was negligent and careless in failing to hire and/or retain adequate, competent, or sufficiently trained servants, agents, employees, licensees and/or independent contractors to work as security/bouncers at the aforesaid premises.

31. At all times hereinafter mentioned, Defendant, "ROSELAND" was negligent and careless in failing to adequately and properly train, discipline and supervise its servants, agents, employees, licensees and/or independent contractors.

32. The aforementioned occurrence took place due to the negligence carelessness, recklessness and gross negligence of the Defendants, their agents, servants, employees and/or licensees, acting within the scope of their authority, within the scope of their employment and in the furtherance of their agency.

33. The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the Defendants, and each of them, their servants, agents, employees, licensees and/or independent contractors in negligently, carelessly, and recklessly causing, allowing and/or permitting the Plaintiff to be maliciously assaulted, beaten and battered. No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

34. That by reason of the foregoing, Plaintiff, PHIL VEGA, was caused to sustain serious injuries and to suffer pain, shock and mental anguish; these injuries and their effects will be permanent; as a result of said injuries Plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a result Plaintiff was and will continue to be rendered unable to perform his normal activities and duties and in consequence has sustained a loss therefrom.

35. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF PHIL VEGA

36. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

37. At all times hereinafter mentioned, the Defendant "ROSELAND" was negligent and careless in failing to hire and/or retain adequate, competent, or sufficiently trained servants, agents,

employees, licensees and/or independent contractors to work as security/bouncers at the aforesaid club.

38. That at all times herein mentioned, Defendant "ROSELAND" had a duty to keep Plaintiff, PHIL VEGA, safe while in their premises.

39. The above-mentioned occurrence, and the results thereof, were caused by the negligence, carelessness, recklessness and breach of duty of the Defendant "ROSELAND" and/or said Defendant's servants, agents, employees, licensees and/or independent contractors in the ownership, operation, management, maintenance, supervision, and control of the aforesaid premises.

40. The aforesaid occurrence and the results thereof were due to and caused by the joint, several and concurrent negligence of the Defendant "ROSELAND" and their servants, agents, employees, licensees and/or independent contractors in negligently, carelessly, recklessly and gross negligence causing, allowing and/or permitting the Plaintiff to be maliciously assaulted, beaten and battered. No negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

41. Because of the above stated, Plaintiff was caused to sustain serious injuries and to have suffered pain, offense, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur expenses for medical care and attention; and Plaintiff was, and will continue to be rendered unable to perform his normal activities and duties and has sustained a resultant loss therefrom.

42. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
### BY "POLICE OFFICERS"

43. Plaintiff PHIL VEGA repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44.     By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of PHIL VEGA and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants "POLICE OFFICERS," acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

45.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

46.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants "POLICE OFFICERS" and THE DISTRICT ATTORNEY had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

48.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise or discipline its employees and police officers, including defendants "POLICE OFFICERS" and THE DISTRICT ATTORNEY, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and

then permit detention, inflict abuse and excessive force upon said person, batter and assault and sustain a false arrest and malicious prosecution, thereby permitting defendants "POLICE OFFICERS," and THE DISTRICT ATTORNEY to be in a position to violate plaintiff's rights.

49. Defendant THE CITY OF NEW YORK, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant THE CITY OF NEW YORK is aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendant THE CITY OF NEW YORK. Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK
### VIA BATTERY

51. Plaintiff PHIL VEGA repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. Defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants' "POLICE OFFICERS" common tort of battery via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

53. That by reason of the battery, the plaintiff was harmed physically while unlawfully

9

detained, and that the plaintiff was otherwise harmed as a result of the defendants' actions.

54. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHT UNDER
### NEW YORK STATE LAW
### ASSAULT

55. Plaintiff PHIL VEGA repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. That on the aforementioned date, time and place, the defendants committed the tort of assault against the plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York Law

57. That the defendant THE CITY OF NEW YORK is vicariously liable to the plaintiff for the individual defendants "POLICE OFFICERS" common law tort of assault via the principle of *respondeat superior* and that New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

58. That by reason of the aforesaid committed by the defendants, plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

59. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENCE

60. Plaintiff PHIL VEGA repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

61. Defendants negligently caused injuries, emotional distress and damage to the plaintiff

PHIL VEGA. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

63. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

64. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants "POLICE OFFICERS." The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN NINTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

66. Plaintiff PHIL VEGA repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67. Defendants negligently caused emotional distress and damage to the plaintiff PHIL VEGA. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

68. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of

quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A TENTH CAUSE OF ACTION
### FALSE ARREST, FALSE IMPRISONMENT
### AND MALICIOUS PROSECUION

69. Plaintiff PHIL VEGA repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

70. By the actions described above, defendants "POLICE OFFICERS" and THE CITY OF NEW YORK caused plaintiff to be falsely arrested and/or falsely imprisoned and/or maliciously prosecuted plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

71. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

72. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

  e. Such other further relief as this court may deem appropriate and equitable.

Dated: New York, New York
   June 20, 2012

                Respectfully submitted,

                **LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
                *Counsel for the Plaintiff*

                By: Craig W. Phemister, Esq.
                80 Maiden Lane, 12th Floor
                New York, New York 10038
                (212) 962-1020
                File No.: 17897

## ATTORNEY'S VERIFICATION

CRAIG W. PHEMISTER, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC, attorneys of record for Plaintiff PHIL VEGA. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiffs is/are not presently in the county wherein I maintain my offices.

Dated: New York, New York
       June 20, 2012

_____
CRAIG W. PHEMISTER

Docket No.:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHIL VEGA,

                          Plaintiff,

            -against-

ROSELAND DEVELOPMENT ASSOCIATES, LLC.,
THE CITY OF NEW YORK, POLICE OFFICER JOHN
SOUTH, Tax No.: 934200, and POLICE
OFFICERS "JOHN DOE # 1 - #3,"

                          Defendants.

---

**CIVIL COVER SHEET**
**SUMMONS IN CIVIL ACTION**
**VERIFIED COMPLAINT**

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
**Attorneys for Plaintiff**
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020
File No.: 17897

---

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

_____
CRAIG W. PHEMISTER, ESQ.